UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOEY LANE FREEMAN, ) | CASE NO. 1:15 CV 2101 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| U.S. DISTRICT COURT, ) | AND ORDER |
| ) | |
| Respondent. ) | |

On October 9, 2015, petitioner *pro se* Joey Lane Freeman, a federal prisoner residing at Oriana House in Cleveland, Ohio, filed the above-captioned *in forma pauperis* habeas corpus action under 28 U.S.C. § 2241. The petition asks this court to modify Freeman's sentence for violating the terms of his supervised release. He admits the violation but seeks transfer from a halfway to home confinement.

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, the "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001)(unpublished disposition)(quoting *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Freeman seeks to raise issues that must be raised, if at all, in a 2255 motion. The petition sets forth no reasonable suggestion of a proper basis on which to instead raise these issues pursuant 28 U.S.C. § 2241, or that "serious constitutional questions" require further consideration of his claims. Further, a Supervised Release Violation Hearing has already been set for January 11, 2016 by this court in petitioner's criminal case. *United States of America v. Freeman*, N.D. Oh. No. 1:06 CR 594-13.

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                   /s/ Patricia A. Gaughan
                                                   PATRICIA A. GAUGHAN
                                                   UNITED STATES DISTRICT JUDGE

Dated: 12/1/15